IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORNELIUS ENRIGHT | : | |
| 343 Autumn Lane | : | |
| East Stroudsburg, PA  18301 | : | |
| | : | CIVIL ACTION LAW |
| Plaintiff | : | |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| UNUM LIFE INSURANCE COMPANY | : | |
| OF AMERICA | : | |
| 2211 Congress Street | : | |
| Portland, ME  04122 | : | |
| | : | |
| Defendant | : | NO: |

## **COMPLAINT**

NOW COMES Cornelius Enright, by and through counsel, Abrahamsen, Conaboy & Abrahamsen, P.C., and complains of the above referenced Defendant, Unum Life Insurance Company of America, as follows:

## **JURISDICTION**

1. Jurisdiction in conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy governed by ERISA. 29 U.S.C. § 1011, et seq.

2. All acts and occurrences material to the instant causes of action occurred

within the jurisdictional boundaries of this Honorable Court.

## FACTS

3. The Plaintiff, Cornelius Enright, is an adult and competent individual with a mailing address of 343 Autumn Lane, East Stroudsburg, PA 18301.

4. The Defendant, Unum Life Insurance Company of America, (hereinafter "Unum"), upon information and belief, is a business entity with a principal place of business located at 2211 Congress Street, Portland, ME 04122.

5. The Defendant, Unum, is a business entity which issues disability insurance policies which are governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1011, et seq.

6. Unum issued a policy providing disability insurance benefits under policy number 00563001-0001 to the Plaintiff through Plaintiff's employer, National Oilwell Varco, LP.  A copy of the policy is attached hereto and marked as **Exhibit "A"**.

7. The policy of insurance before mentioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said contract of insurance were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of him under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by the Defendant to the Plaintiff's employer through policy number 00563001-0001.

11. Since November 2014, the Plaintiff has been disabled from his regular employment within the meaning of the terms under policy number 00563001-0001. At that time, he was diagnosed and first suffered with multiple sclerosis.

12. As a result of his multiple sclerosis, the Plaintiff has suffered and continues to suffer with memory loss, cognitive defects, speech impairments, facial deformities affecting vision and speech, physical limitations and walking.

13. Despite the treating sources opinions, Unum issued a decision dated November 29, 2016 denying Plaintiff's ongoing claim for long term disability. See **Exhibit "B"** attached hereto.

14. However, that denial did not properly factor in all of Plaintiff's treating medical physicians which find him to be completely and totally disabled.

15. Despite the treating sources' opinion, Unum continues to deny Plaintiff's claim for long term disability benefits.

16. Unum acknowledged the Plaintiff's disability, but denied coverage based on improper alleged return to ability to perform his job domestically even though his job was completely performed in foreign countries.

17. The Defendant has acted grossly arbitrarily, capriciously and

unreasonably in denying the Plaintiff's long term disability benefits.

18. The actions of the Defendant in denying the claim of the Plaintiff for long term disability benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. § 1001, et seq.

19. The actions of the Defendant in denying the Plaintiff's claim for long term disability benefits are contrary to the language of the policy in question.

20. The actions of the Defendant in denying the Plaintiff's claim for long term disability benefits are in violation of the policy provisions and requirements of ERISA.

21. The Plaintiff, Cornelius Enright, is entitled to long term disability benefits under the aforementioned insurance policy.

22. The Plaintiff is entitled to recover the benefits due to his aforementioned insurance policy in accordance with 29 U.S.C. § 1132.

23. As a direct and proximate result of the actions of the Defendant as herein above more particularly described, the Plaintiff has been caused to incur attorney's fees in an amount not yet known.

24. As a direct and proximate result of the aforementioned actions of the Defendant, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from the date of denial, to the

present and continuing into the future.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against the Defendant, Unum Life Insurance Company of America, as follows:

1. Ordering the Defendant to pay to the Plaintiff long term disability benefits together to the present and into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff prejudgment interest on the award until date of judgment;

3. Awarding the Plaintiff attorney's fees, court costs and other reasonable costs incurred;

4. Granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: /s/ Edwin A. Abrahamsen, Jr.
Edwin A. Abrahamsen, Jr. Esquire
Attorney ID Number 92851
Abrahamsen, Conaboy & Abrahamsen, P.C.
1006 Pittston Avenue
Scranton, PA 18505
(570) 348-0200
cabrahamsen@law-aca.com